TUCKER, Judge.
The charges in the bill, so far as they are material to entitle the complainant to relief against the defendants, are flatly denied by the answers. Brackett denies any agreement between the plaintiff and himself as to the eventual damages which Anglea might recover against him; and although there is the testimony of three witnesses, which may induce some belief that an agreement of that kind might have been contemplated, yet as there was then no existing debt due from Brackett to Anglea at any time .previous to the assignment to Miller, nor any proof that Anglea was a party to, or had assented to any such agreement, admitting that there was such an one between Brackett and Blanton, it might have been retracted; for Anglea had no certain demand against Brackett, which was capable of being set off against an existing debt, until after the judgment, which was two or three months subsequent to the'assignment to Miller for the use of Redd. It was incapable of assignment both in law and equity: and, if such an agreement was made, as is pretended, between Anglea and Blanton, without the previous assent of Brackett, I should think it maintenance. And, even, if, after the judgment, Anglea had made an assignment of it before any replevin or forthcoming bond was given (which bond,s our law makes assignable,) such an assignment, I apprehend, would not have been legal, but merely an equitable discount against the bond. On this however I give no opinion, being clearly of opinion that, until Anglea obtained judgment, no agreement, in respect to the damages which he might possibly recover, could affect the assignee of Brackett, unless there were some fraud between those parties. And although the defendants *are expressly charged with a fraudulent combination to defeat the complainant’s right to a discount for these damages, yet the circumstance is positively denied by all the parties, and there is not that I can discover, a tittle of evidence to support the charge, although there is abundant to rebut it. As against Redd and Miller the complainant is not, in my opinion, entitled even to the shadow of relief. Nor has he established his case so far even against Brackett, as to induce me to think differently from the chancellor. Taking the whole evidence together, I concur with him in opinion, that the allegations of the bill being denied by the answers, are not supported by the testimony; and therefore that the bill was rightly dismissed.
ROANE, Judge.
The agreement relative to Anglea’s judgment is denied by the answer; which is supported by other testimony, and not disproved by Blanton’s witnesses. The contract is novel and improbable; and, upon the whole, I am for •affirming the decree.
EEEMING and CARRINGTON, Judges, concurred; and the decree was accordingly affirmed.

See Floyd v. Jones, 19 W. Va. 859.